

140 Broadway Suite 3100
New York, NY 10005-1101
212.973.8000  Fax 212.972.8798  schnader.com

Erik Kallhovd
Direct Dial: 212.973.8025
Direct Fax: 212.972.8798
Email: ekallhovd@schnader.com

December 22, 2021

**VIA ECF**
The Honorable Paul A. Engelmayer, U.S.D.J.

      RE:    The Travelers Indemnity Company of America v. Trisura Specialty Insurance Company
             Civil Action No:    1:21-cv-04327-PAE

Dear Judge Engelmayer:

      We represent the defendant Trisura Specialty Insurance Company ("Trisura"). We write seeking: (a) an extension of the discovery end date; and (b) leave to file a motion to compel, or, alternatively, a conference with Your Honor to discuss the substance of this letter. Trisura met-and-conferred with plaintiff Travelers Indemnity Company of America ("Travelers") to discuss the issues raised herein, which was unsuccessful. This is the second request for an extension of the discovery end date and it is made without Travelers' consent.[1] Trisura seeks a 60-day extension of the discovery end date, which is currently December 23, 2021. A proposed case management plan is annexed hereto as **Exhibit "A."** We take the opportunity to explain further below.

      I.    <u>Travelers Failed to Produce All Responsive Documents in its Custody or Control</u>

      On October 6, 2021, Trisura served Travelers with document requests (the "First Requests") and interrogatories. The interrogatories asked Travelers, *inter alia*, to "[i]dentify all policies of liability insurance (whether primary or excess) issued to either Reidy or NG300, or that provide coverage to Reidy or NG300 as additional insureds, which were in effect on the date of the occurrence that gave rise to the Underlying Action." Travelers' responses, served on November 19, 2021, identified only the policy it issued to Reidy; it did not claim to know of the existence of any other insurance policies. Copies of Travelers' interrogatory responses and document request responses are annexed hereto collectively as **Exhibit "B."**

      On November 19, 2021, Travelers made its document production. When Trisura thereafter reviewed the documents, it learned that Travelers' interrogatory responses were inaccurate. In fact, not only was Travelers aware that there was another policy that potentially responded with coverage, it in fact had already accepted a tender from another Travelers entity. The affiliated entity, Travelers Property Casualty Company of America, issued a policy to NG300 (the "NG300 Policy"). When NG300 made a claim under the NG300 Policy (the "NG300 Claim"), NG300 then sought additional insured coverage under the separate policy Travelers had issued to Reidy (the "Reidy Policy"). Regan Hubbard, who prepared Travelers' interrogatory responses, accepted NG300's tender without reservation. When she accepted coverage, Ms.

---

[1] The first extension, which extended the discovery end date from November 23, 2021 to December 23, 2021, was sought by Travelers, and was requested with Trisura's consent.

The Honorable Paul A. Engelmayer, U.S.D.J.
December 22, 2021
Page 2

Hubbard requested that a copy of the NG300 Claim file be sent to counsel. Copies of the relevant coverage communications are annexed hereto as **Exhibit "C."**

Despite the fact that Ms. Hubbard expressly requested a copy of the NG300 Claim file, the same was not provided to Trisura. Trisura's First Requests clearly sought copies of *all* claim files, claim notes, and policies relating to the occurrence that gave rise to the Underlying Action. *See* **Exhibit "B,"** Document Responses, at 3, 4, and 8. Thus, the NG300 Claim notes, the NG300 Policy and the NG300 Claim file are all documents that are responsive to the First Requests and should have been produced by Travelers.

Travelers had failed to disclose its other insurance policy and refuses to supply it now. Consequently, on December 13, 2021, Trisura served a Second Set of Requests for the Production of Documents (the "Second Requests"), which sought information relating to the NG300 Policy and the NG300 Claim. *See* **Exhibit "D."** Production of such documents is important to Trisura's defense. Travelers should not be permitted to cherry-pick which of its insurance policies that can be reviewed. Rather, Trisura must be allowed to see the terms of conditions of the NG300 Policy to determine whether such coverage is primary to the Trisura Policy. If the NG3000 policy is primary, said policy would be called upon to defend NG300 before Trisura's policy (should Trisura be found to owe a duty to defend, which it denies). Thus, the requested NG300 documents are material and necessary to Trisura's defense of this action.

In addition, on December 16, 2021, Trisura sent a letter (the "Deficiency Letter") that addressed Travelers' failure to provide documents responsive to the First Requests, namely: (a) the claim notes for the Reidy claim; and (b) any of the NG300 Claim file, Claim notes, or NG300 Policy. *See* **Exhibit "E."** The Deficiency Letter also requested a meet-and-confer with Travelers to discuss the issues raised in the letter. In response, Travelers stated that it had no obligation to turn over materials relating to the NG300 Policy or the NG300 Claim.[2] *See* email chain annexed hereto as part of **Exhibit "F."** Travelers stated that "[a]s to NG300, Plaintiff Travelers Indemnity Company of America did not issue the policy and did not insure NG300 as a named insured. While an affiliate may have, those materials are not available from Plaintiff." *Id.* As set forth, *infra*, this position is disingenuous at best.

Further, contrary to its earlier indications that it would provide responses to the Second Requests, Travelers also demanded that Trisura withdraw them. Previously, Travelers indicated it would be providing responses to the Second Requests, as it requested Trisura provide a copy of the Word document used to prepare them. Trisura duly cooperated and sent a copy of the Word document to Travelers. *See* email annexed as **Exhibit "G."** However, after being served with the Deficiency Letter, Travelers abruptly changed its position.

Travelers and Trisura held a telephonic meet-and-confer on December 20, 2021. During the conversation, Travelers maintained that it could not turn over the requested NG300 documents, since those were files maintained by an affiliate company. Additionally, regarding the rejection of the Second Requests, Trisura requested that Travelers then consent to an extension of the discovery end date to allow Trisura to either: (a) make a motion to compel discovery; or (b) serve a Fed. R. Civ. P. 45 subpoena on Travelers Property Casualty Company of America. During the meet-and-confer, counsel did not provide consent to our request, stating that authority to consent would be discussed with Travelers. We asked for

---

[2] Travelers supplemented its production by producing, *inter alia*, a copy of the claim notes relating to the Reidy claim. These were produced to Trisura only on December 20, 2021. Significantly, Trisura learned for the first time of a tender made by QBE, insurer for Mace. The QBE policy would also potentially provide coverage to NG300, but was likewise not disclosed in Travelers' interrogatory responses.

the courtesy of a response no later than 5:00 on December 21, 2021, but none was received. As such, this letter ensued.

    II.    <u>Travelers is obligated to produce the requested NG300 documents.</u>

Fed. R. Civ. P. 26(b)(1) provides, in pertinent part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering [*inter alia*] the importance of the issues at stake in the action . . . and the parties' relative access to relevant information." Further, Fed. R. Civ. P. 34(a) "permit[s] the requesting party or its representative to inspect [documents] . . . in the responding party's possession, custody, or control." In determining whether a corporate affiliate has custody or control of another affiliate's documents, "the focus is on the nature of the relationship between the two corporations." <u>Alcan Intl. Ltd. v. S.A. Day Mfg. Co.</u>, 176 F.R.D. 75, 78 (W.D.N.Y. 1996) (citations omitted). "In each case, it is the nature of the transactional relationship between the [corporate entities] that is pivotal. The court must examine the facts of the case before it in order to determine if the relationship is such that [discovery] is to be compelled." *Id.* (internal quotation marks and citations omitted); *see also*, <u>Cooper Indus., Inc. v. Brit. Aerospace, Inc.</u>, 102 F.R.D. 918, 919–20 (S.D.N.Y. 1984) (finding documents of one affiliate in the custody and control of another affiliate where "it is inconceivable that defendant would not have access to these documents and the ability to obtain them for its usual business").

Based on this standard, Travelers' assertion that it cannot produce documents from Travelers Property Casualty Company of America is dubious at best. Here, one Travelers adjuster requested that the other provide a copy of the NG 300 Claim file for incorporation into the file maintained by plaintiff. Even if that did not happen, the relationship between two underwriting entities under the Travelers umbrella (so to speak) should suffice. There are several indicia that Travelers operates as one entity. First, the tender acceptance acknowledging coverage for NG300 was sent by Regan Hubbard of Travelers Insurance, P.O. Box 430, Buffalo, New York 14240 to Joan Tonn of Travelers Insurance, P.O. Box 430, Buffalo, New York 14240. *See* **Exhibit "C,"** October 28, 2020 letter from Ms. Hubbard to Ms. Tonn. Further, documents produced by Travelers evidenced that Ms. Tonn and Ms. Hubbard both: a) communicated from travelers.com email addresses; and b) had email signatures indicating that they simply work for Travelers. It appears from all indications that Travelers operates as a monolithic entity. Clearly, Travelers had an obligation to produce the NG300 Claim notes, Claim file and Policy.

As such, we respectfully request this Court issue an Order granting a 60-day extension of the fact discovery period and ask that the Court issue a revised case management order as set forth in **Exhibit "A."** This will enable Trisura to serve a non-party subpoena on Travelers Property Casualty Company of America to obtain documents material and necessary to Trisura's defense. Additionally, Trisura respectfully requests permission to either serve a motion to compel or, alternatively, an order granting a conference with Your Honor to discuss the issues raised herein. We thank the court for its consideration and attention to this submission.

The Court directs plaintiff to file a letter by December 30, 2021, explaining its refusal to produce the defendant's requested documents. The Court will then rule on defendant's letter motion.
SO ORDERED.

*/s/ Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Respectfully submitted,

*/s/ Erik Kallhovd /s/*
Erik Kallhovd
For SCHNADER HARRISON SEGAL & LEWIS LLP

Dated: December 27, 2021.