UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE TRAVELERS INDEMNITY COMPANY OF AMERICA,

                             Plaintiff,

-v-

TRISURA SPECIALTY INSURANCE COMPANY,

                             Defendant.

21 Civ. 4327 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    The Court has received the parties' letters and exhibits regarding a recent discovery dispute. Defendant Trisura Specialty Insurance Company ("Trisura") sought (1) a 60-day extension of fact discovery and (2) leave to file a motion to compel or a conference before this Court to resolve the dispute. Dkt. 23. Trisura claims that plaintiff Travelers Indemnity Company of America ("TICA") wrongly refused to comply with document requests for a coverage policy (the "Nightingale Policy") and a claim file and claim notes (the "Claim Documents"). *Id.* TICA has since then agreed to provide the Nightingale Policy. *See* Dkt. 25 at 2. However, TICA argues, *inter alia*, that the Claim Documents are not subject to production because they do not bear on whether Trisura has a duty to defend non-party Reidy Contracting Corp., a question that turns on which insurance policy is primary, not on data within the Claim Documents. *Id.*

The Court holds with TICA. As the parties are aware, discovery is currently tailored to the question of Trisura's duty to defend. *See* Dkt. 18. Under New York law,[1] an insurer's "duty to defend is measured against the allegations of [the] pleadings." *Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 140 (2d Cir. 2014) (internal quotation marks and citations omitted). That is so even where there is the "mere possibility of coverage from the face of the complaint." *Id.* (citation omitted). And, "[i]f, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be." *Id.* at 141 (quotation marks and citations omitted). Regardless of what facts are revealed in the Claim Documents, they do not bear on the question of Trisura's duty to defend, which will be resolved based on a liberal construction of the underlying claim.

The Court accordingly extends the deadline for fact discovery until January 24, 2022, for the sole purpose of allowing TICA to produce the Nightingale Policy. However, the Court denies Trisura's motion for leave to file a motion to compel or to hold a conference. The Court adjourns the case management conference, currently scheduled for February 4, 2022, until March 7, 2022, at 2 p.m. This conference will be held telephonically. The instructions for accessing the conference remain the same as set out in Dkt. 19.

If a party wishes to move for summary judgment, it must, by February 18, 2022, file a letter in accordance with this Court's Individual Rule 3(H).

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 23.

---

[1] New York law applies here as this case is a declaratory action arising from an underlying case in New York State Supreme Court. *See* Dkt. 1 ¶ 22. *See also Anthony Scalone v. March Assocs. Constr. Co. et al.*, NYSECF Index No. 153660/2020.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: January 3, 2022
New York, New York